## Tibbens v. Sheriff of Dauphin County et al.

*Raymond Tibbens*, p. p., for petitioner.

NEELY, J., December 15, 1954.—This is a petition for writ of habeas corpus. Relator is now imprisoned in the United States Penitentiary at Atlanta, Ga. He names the Sheriff of Dauphin County as respondent in his petition, and prays for the issuance of a writ in the following language:

"Petitioner, Raymond Tibbens, moves and prays this Honorable Court to issue a writ of habeas corpus forthwith and command said petitioner to be brought forthwith, and to appear by prosecution as provided by law, or so failing to act and to show cause, issue forthwith an order over the Seal of this Honorable Court, declaring your petitioner shall be held for naught."

We can take note of our own records, and they show that petitioner stands indicted here for two separate offenses—at O. & T., January sessions, 1952, no. 2, on a charge of burglary; and at January sessions, 1952, no. 31, on a charge of larceny of an automobile.

Petitioner claims that he has constitutional objections to enter to any trial on these charges, and because of these objections he maintains that he must be discharged in these cases. He apparently seeks to have us determine, on this petition, the validity of his constitutional objections and to have us order that he be brought here to press those objections.

The jurisdiction of this court to issue a writ of habeas corpus is statutory. The Habeas Corpus Act of February 18, 1785, 2 Sm. L. 275, 12 PS §1871, et seq., gives this court authority to issue a writ of habeas corpus where a person is being detained within the jurisdiction of the court. And section 1 of the Act of May 25, 1951, P. L. 415, 12 PS §1901, likewise provides that any judge of a court of common pleas shall have jurisdiction to issue a writ of habeas corpus where a person is detained in "any penitentiary, prison, reformatory, house of detention, mental institution, or other place", within the judge's judicial district. The Act of 1951 also confers authority upon a judge of this court to issue a writ of habeas corpus where a person has been sentenced by this court to any penal institution in this Commonwealth and is being detained therein, outside of this judicial district.

We have no jurisdiction to issue a writ of habeas corpus in this case, where relator is being detained in the United States Penitentiary at Atlanta, Ga. If the relator has any objections to offer at his trial on the larceny and burglary charges, he may present the same at the trial or otherwise take appropriate proceedings to accomplish his discharge in those cases.

We will not, of course, pass upon the constitutional questions in a proceeding in habeas corpus which we have no power to entertain.

And now, December 15, 1954, the petition for writ of habeas corpus is herewith dismissed.